United States Bankruptcy Court for the:

**NORTHERN DISTRICT OF ILLINOIS**

Case number (if known): _____

Chapter you are filing under:

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

## Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a joint case—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses Debtor 1 and Debtor 2 to distinguish between them. In joint cases, one of the spouses must report information as Debtor 1 and the other as Debtor 2. The same person must be Debtor 1 in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | Your full name | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Lorena** _____<br>First Name | _____<br>First Name |
| | | _____<br>Middle Name | _____<br>Middle Name |
| | Bring your picture identification to your meeting with the trustee. | **Flores** _____<br>Last Name | _____<br>Last Name |
| | | _____<br>Suffix (Sr., Jr., II, III) | _____<br>Suffix (Sr., Jr., II, III) |
| 2. | All other names you have used in the last 8 years | _____<br>First Name | _____<br>First Name |
| | Include your married or maiden names. | _____<br>Middle Name | _____<br>Middle Name |
| | | _____<br>Last Name | _____<br>Last Name |
| 3. | Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN) | xxx – xx – 7 9 8 7<br>OR<br>9xx – xx – _____ | xxx – xx – _____<br>OR<br>9xx – xx – _____ |
| 4. | Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years<br><br>Include trade names and doing business as names | ☑ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>_____<br>Business name | ☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>_____<br>Business name |

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|
| EIN | EIN |
| EIN | EIN |

**5. Where you live**

1802 S. Gunderson Ave
Number    Street

| | | |
|---|---|---|
| Berwyn | IL | 60402 |
| City | State | ZIP Code |

Cook
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City         State      ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

City         State      ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City         State      ZIP Code

**6. Why you are choosing this district to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

---

### Part 2:    Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one: (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the Application for Individuals to Pay Your Filing Fee in Installments (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.

District _____    When _____    Case number _____
                                          MM / DD / YYYY

District _____    When _____    Case number _____
                                          MM / DD / YYYY

District _____    When _____    Case number _____
                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

Debtor _____    Relationship to you _____

District _____    When _____    Case number, _____
                                          MM / DD / YYYY    if known

Debtor _____    Relationship to you _____

District _____    When _____    Case number, _____
                                          MM / DD / YYYY    if known

**11. Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

    ☐ No.  Go to line 12.

    ☐ Yes. Fill out Initial Statement About an Eviction Judgment Against You (Form 101A) and file it with this bankruptcy petition.

## Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No.  Go to Part 4.
☐ Yes.  Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any
_____

Number    Street
_____
_____

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

City _____  State ____  ZIP Code ____

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a small business debtor?**

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4: Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?

☑ No
☐ Yes.  What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property? _____
Number    Street

_____

City _____  State ____  ZIP Code ____

**Part 5:   Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | |
|---|---|
| **15. Tell the court whether you have received briefing about credit counseling.** | **About Debtor 1:** |
| | *You must check one:* |

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity. I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability. My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty. I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity. I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability. My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty. I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**Part 6:    Answer These Questions for Reporting Purposes**

| | |
|---|---|
| 16. What kind of debts do you have? | **16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."<br>☐ No. Go to line 16b.<br>☑ Yes. Go to line 17. |
| | **16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.<br>☐ No. Go to line 16c.<br>☐ Yes. Go to line 17. |
| | **16c.** State the type of debts you owe that are not consumer or business debts. |

| | |
|---|---|
| 17. Are you filing under Chapter 7?<br><br>Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors? | ☐ **No.** I am not filing under Chapter 7. Go to line 18.<br><br>☑ **Yes.** I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?<br><br>☑ No<br><br>☐ Yes |

| | | | |
|---|---|---|---|
| 18. How many creditors do you estimate that you owe? | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 19. How much do you estimate your assets to be worth? | ☐ $0-$50,000<br>☑ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 20. How much do you estimate your liabilities to be? | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☑ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

**Part 7:    Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _Lorena Flores_                                    X _____
Signature of Debtor 1                                 Signature of Debtor 2

Executed on _____                          Executed on _____
            MM / DD / YYYY                                        MM / DD / YYYY

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

X _____     Date _____
Signature of Attorney for Debtor.              MM / DD / YYYY

**Joseph C. Michelotti**
Printed name

**Michelotti & Associates**
Firm Name

**2625 Butterfield Rd.**
Number        Street

**Suite 138S**

**Oak Brook**                    **IL**        **60523**
City                              State      ZIP Code

Contact phone **(630) 928-0100**      Email address _____

**6185760**                           **IL**
Bar number                            State

| Debtor 1 | **Lorena** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106A/B

## Schedule A/B: Property                                                                        12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

**1.1.**

**10324 S, 51St Ct**
Street address, if available, or other description

**Oak Lawn       IL    60453**
City                    State  ZIP Code

**Cook**
County

**Single Family Home**

What is the property?
Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Who has an interest in the property?
Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?        Current value of the portion you own?
**$70,000.00**                    **$70,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known:

**Single Family Home**

☐ Check if this is community property
(see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any
   entries for pages you have attached for Part 1. Write that number here ...............................➔       **$70,000.00**

### Part 2:   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on  *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☑ No
   ☐ Yes

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

| | |
|---|---|
| 5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................. ➔ | **$0.00** |

| Part 3: | Describe Your Personal and Household Items |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe..... **Sofa, Beds, Bedding, Table & Chairs, Kitchen Items, all in used condition**     $500.00

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☑ No
☐ Yes. Describe.....

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe..... **Casual Clothing**     $100.00

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No
☐ Yes. Describe.....

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☑ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information............

| | |
|---|---|
| 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here.................. ➔ | **$600.00** |

**Part 4:**   **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

   ☑ No
   ☐ Yes....................................................................................................................... Cash: ........................  _____

17. **Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

   ☐ No
   ☑ Yes............................     Institution name:

   17.1.   Checking account:   **Chase Bank** _____   $0.33

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

   ☑ No
   ☐ Yes............................     Institution or issuer name:

   _____   _____
   _____   _____
   _____   _____

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

   ☑ No
   ☐ Yes. Give specific information about them............................   Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

   ☑ No
   ☐ Yes. Give specific information about them............................   Issuer name:

   _____   _____
   _____   _____
   _____   _____

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

   ☑ No
   ☐ Yes. List each account separately.   Type of account:   Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

   ☑ No
   ☐ Yes............................   Institution name or individual:

23. **Annuities** (A contract for a specific periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes............................   Issuer name and description: _____

_____   _____   _____
_____   _____   _____
_____   _____   _____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes............................   Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c)

_____   _____   _____
_____   _____   _____
_____   _____   _____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
information about them                                                   _____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
information about them                                                   _____

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific
information about them                                                   _____

**Money or property owed to you?**                                      **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information           Federal: _____   $0.00
about them, including whether
you already filed the returns              State: _____   $0.00
and the tax years....................      Local: _____   $0.00

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information           Alimony: _____   $0.00
                                           Maintenance: _____   $0.00
                                           Support: _____   $0.00
                                           Divorce settlement: _____   $0.00
                                           Property settlement: _____   $0.00

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information _____

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value.............

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died

☑ No
☐ Yes. Give specific information _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim........ _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim........ _____

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information _____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here..................................................................** ➔  | $0.33 |

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest in.  List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe.. _____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe.. _____

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes.. Describe.. _____

41. Inventory

    ☑ No
    ☐ Yes. Describe.....

42. Interests in partnerships or joint ventures

    ☑ No
    ☐ Yes. Describe..... Name of entity:                                    % of ownership:

43. Customer lists, mailing lists, or other compilations

    ☑ No
    ☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?
        ☐ No
        ☐ Yes. Describe.....

44. Any business-related property you did not already list

    ☑ No
    ☐ Yes. Give specific
        information............

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have
    attached for Part 5. Write that number here.................................................................... ➔          $0.00

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. If you own or have an interest in farmland, list it in Part 1. |
| --- | --- |

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?

    ☑ No. Go to Part 7.
    ☐ Yes. Go to line 47.

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

47. Farm animals
    *Examples:* Livestock, poultry, farm-raised fish

    ☑ No
    ☐ Yes....

48. Crops—either growing or harvested

    ☑ No
    ☐ Yes. Give specific
        information...............

49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade

    ☑ No
    ☐ Yes....

**50.** Farm and fishing supplies, chemicals, and feed

☑ No
☐ Yes....

_____

**51. Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific
information...................

_____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have
attached for Part 6.  Write that number here...................................................................... ➔  | $0.00 |

## Part 7:   Describe All Property You Own or Have an Interest in That You Did Not List Above

**53. Do you have other property of any kind you did not already list?**
_Examples:_ Season tickets, country club membership

☑ No
☐ Yes.  Give specific
information..................

_____  _____

_____  _____

_____  _____

**54.  Add the dollar value of all of your entries from Part 7.  Write that number here................................** ➔  | $0.00 |

## Part 8:   List the Totals of Each Part of this Form

**55.  Part 1: Total real estate, line 2..........................................................................................** ➔  **$70,000.00**

**56.  Part 2: Total vehicles, line 5**   _____ **$0.00**

**57.  Part 3: Total personal and household items, line 15**   _____ **$600.00**

**58.  Part 4: Total financial assets, line 36**   _____ **$0.33**

**59.  Part 5: Total business-related property, line 45**   _____ **$0.00**

**60.  Part 6: Total farm- and fishing-related property, line 52**   _____ **$0.00**

**61.  Part 7: Total other property not listed, line 54**   +  _____ **$0.00**

**62.  Total personal property.    Add lines 56 through 61..............**  | **$600.33** |   Copy personal
property total ➔  + _____ **$600.33**

**63.  Total of all property on Schedule A/B.    Add line 55 + line 62...........**  | **$70,600.33** |

| Debtor 1 | **Lorena** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106C

## Schedule C: The Property You Claim as Exempt

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| **Brief description**<br>**Sofa, Beds, Bedding, Table & Chairs,**<br>**Kitchen Items,**<br>**all in used condition**<br>Line from *Schedule A/B*: **6** | $500.00 | ☑ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| **Brief description**<br>**Casual Clothing**<br>Line from *Schedule A/B*: **11** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a), (e) |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☐ No

   ☐ Yes

Official Form 106C Schedule C: The Property You Claim as Exempt page 1

**Part 2:    Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description **Chase Bank** Line from *Schedule A/B:*    **17.1** | <u>$0.33</u> | ☑    <u>$0.33</u> ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |

| Debtor 1 | Lorena | | Flores | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name | |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

|  |  |  |
|---|---|---|
| $230,000.00 | $70,000.00 | $160,000.00 |

**2.1**

**Lakeview Loan Servicing, LLC**
Creditor's name
**4425 Ponce de Leon Blvd**
Number   Street
**5th Floor**

**Coral Gables      FL      33146**
City              State   ZIP Code

**Describe the property that secures the claim:**
**Single Family Home**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt?   Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

Nature of lien. Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset) **First Mortgage**

Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:

| $230,000.00 |
|---|

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:

| $230,000.00 |
|---|

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1.  For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here.  Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here.  If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**1**

**M & T Bank**
Name

**P.O. Box 30170**
Number    Street

**College Station**            **TX**    **77842-3170**
City                    State    ZIP Code

On which line in Part 1 did you enter the creditor?

Last 4 digits of account number

| | | | |
|---|---|---|---|
| Debtor 1 | Lorena | | Flores |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ______

☐ Check if this is an amended filing

Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).**

## Part 1: List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

☑ No. Go to Part 2.
☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If more space is needed for priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| Total claim | Priority amount | Nonpriority amount |
|---|---|---|

## Part 2: List All of Your NONPRIORITY Unsecured Claims

**3. Do any creditors have nonpriority unsecured claims against you?**

☑ No. You have nothing to report in this part. Submit this form to the court with you other schedules.

☐ Yes

**4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.**

If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If more space is needed for nonpriority unsecured claims, fill out the Continuation Page of Part 2.



| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---------|--------------------------------------------------|

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159. Add the amounts for each type of unsecured claim.

|  |  | | Total claim |
|--|--|--|-------------|
| **Total claims from Part 1** | 6a. Domestic support obligations | 6a. | **$0.00** |
| | 6b. Taxes and certain other debts you owe the government | 6b. | **$0.00** |
| | 6c. Claims for death or personal injury while you were intoxicated | 6c. | **$0.00** |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + | **$0.00** |
| | 6e. **Total.** Add lines 6a through 6d. | 6d. | **$0.00** |

|  |  | | Total claim |
|--|--|--|-------------|
| **Total claims from Part 2** | 6f. Student loans | 6f. | **$0.00** |
| | 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | **$0.00** |
| | 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. | **$0.00** |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + | **$0.00** |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. | **$0.00** |

| Debtor 1 | **Lorena** | | |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
| --- | --- | --- | --- |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

| Case number | | ☐ Check if this is an |
| --- | --- | --- |
| (if known) | | amended filing |

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease.** Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

   Person or company with whom you have the contract or lease            State what the contract or lease is for

| Debtor 1 | Lorena | | Flores | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Debtor 2 | | | | |
|---|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106H

## Schedule H: Your Codebtors                                                        12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?**   (If you are filing a joint case, do not list either spouse as a codebtor.)
   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?**  *(Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)*
   ☑ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
       ☐ No
       ☐ Yes

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

   *Column 1:* Your codebtor                               *Column 2:* The creditor to whom you owe the debt

                                                   Check all schedules that apply:

Official Form 106H             Schedule H: Your Codebtors            page 1

| Debtor 1 | **Lorena** | | | Check if this is: |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

☐ An amended filing

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

☐ A supplement showing postpetition chapter 13 income as of the following date:

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known) _____

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income                                                12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☑ Not employed |
| **Occupation** | | | |
| **Employer's name** | | | IPA, Inc |
| **Employer's address** | | _____<br>Number  Street | 611 Lunt Ave<br>Number  Street |
| | | _____<br>City      State  Zip Code | Schaumburg    IL   60193<br>City      State  Zip Code |
| **How long employed there?** | | _____ | 2 years |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. ___$0.00___ | $5,100.33 |
| 3. | Estimate and list monthly overtime pay. | 3. + ___$0.00___ | $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. ___$0.00___ | $5,100.33 |

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ...................................................➔ | 4. | $0.00 | $5,100.33 |
| 5. | List all payroll deductions: | | | |
| | 5a.  Tax, Medicare, and Social Security deductions | 5a. | $0.00 | $2,816.66 |
| | 5b.  Mandatory contributions for retirement plans | 5b. | $0.00 | $0.00 |
| | 5c.  Voluntary contributions for retirement plans | 5c. | $0.00 | $0.00 |
| | 5d.  Required repayments of retirement fund loans | 5d. | $0.00 | $0.00 |
| | 5e.  Insurance | 5e. | $0.00 | $0.00 |
| | 5f.  Domestic support obligations | 5f. | $0.00 | $0.00 |
| | 5g.  Union dues | 5g. | $0.00 | $0.00 |
| | 5h.  Other deductions.<br>Specify: _____ | 5h. + | $0.00 | $0.00 |
| 6. | Add the payroll deductions.   Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | $0.00 | $2,816.66 |
| 7. | Calculate total monthly take-home pay.   Subtract line 6 from line 4. | 7. | $0.00 | $2,283.67 |
| 8. | List all other income regularly received: | | | |
| | 8a.  Net income from rental property and from operating a business, profession, or farm | 8a. | $0.00 | $0.00 |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | |
| | 8b.  Interest and dividends | 8b. | $0.00 | $0.00 |
| | 8c.  Family support payments that you, a non-filing spouse, or a dependent regularly receive | 8c. | $0.00 | $0.00 |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | |
| | 8d.  Unemployment compensation | 8d. | $0.00 | $0.00 |
| | 8e.  Social Security | 8e. | $0.00 | $0.00 |
| | 8f.  Other government assistance that you regularly receive | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | $0.00 | $0.00 |
| | 8g.  Pension or retirement income | 8g. | $0.00 | $0.00 |
| | 8h.  Other monthly income.<br>Specify: _____ | 8h. + | $0.00 | $0.00 |
| 9. | Add all other income.  Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $0.00 | $0.00 |
| 10. | Calculate monthly income.  Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $0.00 + | $2,283.67 = $2,283.67 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____   11.  + $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies.   12.  $2,283.67
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.   **None.**

☐ Yes. Explain:

| Debtor 1 | **Lorena** | | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | | | |
| Case number (if known) | | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. Is this a joint case?

    ☑ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?
        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. Do you have dependents?     ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ Yes. Fill out this information for each dependent..................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | Minor | ☐ No ☑ Yes |
| Daughter | Minor | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?

   ☑ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $1,800.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | |
| 4b. Property, homeowner's, or renter's insurance | 4b. | |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | |
| 4d. Homeowner's association or condominium dues | 4d. | |

First Name    Middle Name    Last Name

Your expenses

5.   Additional mortgage payments for your residence, such as home equity loans    5.    _____

6.   Utilities:

   6a.   Electricity, heat, natural gas    6a.    _____ $135.00

   6b.   Water, sewer, garbage collection    6b.    _____ $85.00

   6c.   Telephone, cell phone, Internet, satellite, and cable services    6c.    _____ $40.00

   6d.   Other. Specify: _____    6d.    _____

7.   Food and housekeeping supplies    7.    _____ $250.00

8.   Childcare and children's education costs    8.    _____

9.   Clothing, laundry, and dry cleaning    9.    _____ $150.00

10.  Personal care products and services    10.    _____ $100.00

11.  Medical and dental expenses    11.    _____ $50.00

12.  Transportation. Include gas, maintenance, bus or train fare. Do not include car payments.    12.    _____ $30.00

13.  Entertainment, clubs, recreation, newspapers, magazines, and books    13.    _____ $20.00

14.  Charitable contributions and religious donations    14.    _____ $50.00

15.  Insurance.
   Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.   Life insurance    15a.    _____

   15b.   Health insurance    15b.    _____

   15c.   Vehicle insurance    15c.    _____ $266.00

   15d.   Other insurance. Specify: _____    15d.    _____

16.  Taxes.   Do not include taxes deducted from your pay or included in lines 4 or 20.
   Specify: _____    16.    _____

17.  Installment or lease payments:

   17a.   Car payments for Vehicle 1    17a.    _____

   17b.   Car payments for Vehicle 2    17b.    _____

   17c.   Other. Specify: _____    17c.    _____

   17d.   Other. Specify: _____    17d.    _____

18.  Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).    18.    _____

19.  Other payments you make to support others who do not live with you.
   Specify: _____    19.    _____

20.  Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.

   20a.   Mortgages on other property    20a.    _____

   20b.   Real estate taxes    20b.    _____

   20c.   Property, homeowner's, or renter's insurance    20c.    _____

   20d.   Maintenance, repair, and upkeep expenses    20d.    _____

   20e.   Homeowner's association or condominium dues    20e.    _____

21.  Other. Specify: _____    21.    + _____

First Name    Middle Name

**22. Calculate your monthly expenses.**

| | | | | |
|---|---|---|---|---|
| 22a. | Add lines 4 through 21. | 22a. | | $2,976.00 |
| 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2. | 22b. | | |
| 22c. | Add line 22a and 22b. The result is your monthly expenses. | 22c. | | $2,976.00 |

**23. Calculate your monthly net income.**

| | | | | |
|---|---|---|---|---|
| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | | $2,283.67 |
| 23b. | Copy your monthly expenses from line 22c above. | 23b. | − | $2,976.00 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | | ($692.33) |

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.  Explain here:
         None.

| Debtor 1 | **Lorena** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

| Case number (if known) | _____ |
|---|---|

☐ Check if this is an amended filing

Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1:   Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property (Official Form 106A/B)*

   1a. Copy line 55, Total real estate, from Schedule A/B............................................................................... **$70,000.00**

   1b. Copy line 62, Total personal property, from Schedule A/B...................................................................... **$600.33**

   1c. Copy line 63, Total of all property on Schedule A/B............................................................................... **$70,600.33**

### Part 2:   Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D)*
   2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of Schedule D..... **$230,000.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F)*
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F................................... **$0.00**

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F......................... **+** **$0.00**

   **Your total liabilities** **$230,000.00**

### Part 3:   Summarize Your Income and Expenses

4. *Schedule I: Your Income (Official Form 106I)*
   Copy your combined monthly income from line 12 of Schedule I........................................................................ **$2,283.87**

5. *Schedule J: Your Expenses (Official Form 106J)*
   Copy your monthly expenses from line 22c of Schedule J.................................................................................. **$2,976.00**

Official Form 106Sum       Summary of Your Assets and Liabilities and Certain Statistical Information       page 1

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

    ☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

    ☑  Yes

7.  **What kind of debt do you have?**

    ☑  Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

    ☐  Your debts are not primarily consumer debts. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8.  From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.

    | $4,471.83 |

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:***

                                                                        Total claim

    **From Part 4 on *Schedule E/F,* copy the following:**

    9a.  Domestic support obligations. (Copy line 6a.)                    $0.00

    9b.  Taxes and certain other debts you owe the government. (Copy line 6b.)    $0.00

    9c.  Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $0.00

    9d.  Student loans. (Copy line 6f.)                                   $0.00

    9e.  Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)    $0.00

    9f.  Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)   +  $0.00

    9g.  **Total.** Add lines 9a through 9f.                              | $0.00 |

| Debtor 1 | Lorena | | Flores | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement,
concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to
$250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____          Attach *Bankruptcy Petition Preparer's Notice,
Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are
true and correct.

X _Lorena Flores_          X _____
Signature of Debtor 1                Signature of Debtor 2

Date _____          Date _____
MM / DD / YYYY                    MM / DD / YYYY

Official Form 106Dec          Declaration About an Individual Debtor's Schedules

| Debtor 1 | **Lorena** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying
correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write
your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**
   ☑ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**
   ☑ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?**
   *(Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)*

   ☑ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

| Part 2: | Explain the Sources of Your Income |
|---|---|

**4.** **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

|  | Sources of Income<br>Check all that apply. | Gross income<br>(before deductions<br>and exclusions | Sources of Income<br>Check all that apply. | Gross income<br>(before deductions<br>and exclusions |
|---|---|---|---|---|
| From January 1 of the current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| For the last calendar year:<br>(January 1 to December 31, __2015__)<br>YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| For the calendar year before that:<br>(January 1 to December 31, __2014__)<br>YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

**5.** **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security; unemployment; and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are in a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☑ No
☐ Yes. Fill in the details.

**Part 3:**   **List Certain Payments You Made Before You Filed for Bankruptcy**

**6.**   **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ **No.**   Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,225* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,225* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.

☑ **Yes.**   Debtor 1 or Debtor 2 or both have primarily consumer debts.

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|

**7.**   **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations such as child support and alimony.

☑ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

**8.**   **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☑ No.
☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

## Part 4: Identify Legal Actions, Repossessions, and Foreclosures

**9.** Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☑ No
☐ Yes. Fill in the details.

| Nature of the case | Court or agency | Status of the case |
|---|---|---|

**10.** Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

**11.** Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

☑ No
☐ Yes. Fill in the details.

**12.** Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☑ No
☐ Yes

## Part 5: List Certain Gifts and Contributions

**13.** Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No
☐ Yes. Fill in the details for each gift.

**14.** Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No
☐ Yes. Fill in the details for each gift or contribution.

## Part 6: List Certain Losses

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes. Fill in the details.

**Part 7:    List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required for your bankruptcy.

    ☐ No
    ☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Michelotti & Associates** <br> Person Who Was Paid | 2000.00 plus court costs | | |
| **2625 Butterfield Rd.** <br> Number    Street | | 12/2015 | |
| **Suite 138S** | | | |
| **Oak Brook**    **IL**    **60523** <br> City    State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**

    Do not include any payment or transfer that you listed on line 16.

    ☑ No
    ☐ Yes. Fill in the details.

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

    Include both outright transfers and transfers made as security (such as granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

    ☑ No
    ☐ Yes. Fill in the details.

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?**    (These are often called asset-protection devices.)

    ☑ No
    ☐ Yes. Fill in the details.

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**

    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

    ☑ No
    ☐ Yes. Fill in the details.

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

☑ No
☐ Yes. Fill in the details.

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☑ No
☐ Yes. Fill in the details.

## Part 9:    Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No
☐ Yes. Fill in the details.

## Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substance, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar item.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No
☐ Yes. Fill in the details.

25. Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes. Fill in the details.

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No
☐ Yes. Fill in the details.

**Part 11:** Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☐ No
☐ Yes. Fill in the details below.

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _Lorena Flores_                          X _____
Signature of Debtor 1                          Signature of Debtor 2

Date _____                          Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?*

☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No
☐ Yes. Name of person _____          Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

- **You are an individual filing for bankruptcy, and**

- **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 -- Liquidation

- Chapter 11 -- Reorganization

- Chapter 12 -- Voluntary repayment plan for family farmers or fishermen

- Chapter 13 -- Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7: Liquidation

|   |   |   |
|---|---|---|
| | $245 | filing fee |
| | $75 | administrative fee |
| + | $15 | trustee surcharge |
| | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that the even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A-2).

If your income is above the median for your state, you must file a second form—the *Chapter 7 Means Test Calculation* (Official Form 122A-2). The calculations on the form—sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income

for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---------|---------------------|
|   | $1,167  | filing fee          |
| + | $550    | administrative fee  |
|   | $1,717  | total fee           |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Chapter 12: Repayment plan for family farmers or fishermen

|       |                    |
|-------|--------------------|
| $200  | filing fee         |
| $75   | administrative fee |
| $275  | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

|       |                    |
|-------|--------------------|
| $235  | filing fee         |
| $75   | administrative fee |
| $310  | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and local rules of the court.

For more information about the documents and their deadlines, go to:

http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury--either orally or in writing--in connection with a bankruptcy case, you may be fined, imprisoned, or both.

- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together-- called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:

http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to:

http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re **Lorena Flores**

Case No. _____

Chapter    **7**    _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept................................................................   **$2,000.00**

   Prior to the filing of this statement I have received.................................................   **$2,000.00**

   Balance Due................................................................................................................   **$0.00**

2. The source of the compensation paid to me was:

   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor            ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## Bankruptcy Retainer Agreement

### OUR LAW FIRM IS A DEBT RELIEF AGENCY. WE HELP PEOPLE FILE FOR BANKRPTCY RELIEF UNDER THE BANKRUPTCY CODE.

Michelotti   In consideration for services to be rendered to undersigned Clients ("Client") by Attorney _Michelotti_ ("Attorney") located at _Cicero_, in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agrees to pay Attorney as follows:

1.       A total amount of $ 2,000 is required to be paid for representation in Client bankruptcy case. An additional $ 335 is to be paid by Client for the court filing fee of the bankruptcy petition.

A retainer of $ 500 was paid on 12-23-15. A retainer is an advance payment for Attorney services and the expenses Attorney may incur on Clients behalf and does not cover the court filing fee. Client understands that such amount will be credited against any amount Client owes Attorney and will not be refunded regardless if Client decides to cancel filing of the bankruptcy petition or not.

Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to immediately pay Attorney a $40.00 fee in addition to the amount of the returned check. This payment and any future payments must therefore be made in cash, money order or debit card.

2.       Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical. Client is aware of an ethical requirement imposed upon all Attorneys in this state. If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal.

3.       Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

4.       Client agrees that Attorney may discard Client records within five (5) years of the completion of the Client's bankruptcy case.

5.       Attorney shall provide Client with the following services:

a.   Review and analyze Clients financial circumstances based on information provided by Client.

b.   If possible and to the extent possible, based on the information provided by Client, advise Client of the Clients options, including but not limited to bankruptcy options.

c.   Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient.

d.   Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties of Client connected with such filing.

e.   Quote the Client an estimated fee, to the extent possible given the information provided by Client, for the Attorneys service relative to providing bankruptcy assistance or other legal services to Client.

f.   Assuming that a U.S. Bankruptcy proceeding is filed, Attorney services will include all typical Attorney required participation in such proceeding, including but not limited to, appearances at Court hearings, preparation of legal memoranda, and communication with opposing counsel and parties.

g.   If Clients proceeding requires additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

6.   Client acknowledges his/her obligation to make full and complete disclosure of all assets and all liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court.

7.   Client acknowledges that he/she much attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petitions is filed and within the time frame allowed by statute. **Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame.**

8.   Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Clients bankruptcy case. The Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Clients bankruptcy proceedings, and to suggest to another court that Clients proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a

pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement. Any referral made to another Attorney to represent Client is a courtesy only. The Attorney is not associated with any other Attorney outside of the undersigned Attorneys law offices.

9.    **Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances. The Client must provide this information to the Attorney in writing. Failure to do so many result in unscheduled debts subject to non-dischargeability.**

10.    Client agrees that the following matters are not included within the scope of this Bankruptcy Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take any action on Clients behalf, without a written request and/or a separate Retainer Agreement and possibly an additional retainer:

a.    Motions to revoke a discharge.
b.    Removal of a pending action in another court.
c.    Obtaining title reports.
d.    The determination of real estate or tax liens.
e.    Appeals to the BAP, District Court of Court of Appeals.
f.    Correcting credit reports.
g.    Negotiations with Check Systems regarding Client.
h.    Motions to Discuss Clients bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.
i.    Any adversary proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargability of debts.
j.    Preparing reaffirmation agreements, negotiating the terms of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiating reaffirmation agreements when Clients income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement.
k.    Motion to impose or extend the bankruptcy stay.

11.    Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Clients bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

a.    Certain types of taxes, custom duties, or debts to pay taxes or custom duties.
b.    Student loans.

Bankruptcy Retainer Agreement
Page 4 of 5

c.   Debts owed for spousal or child support.

d.   Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.

e.   Dents arising from a previous bankruptcy wherein discharge of that particular debt was waived.

f.   Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

g.   Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.

h.   Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition.

i.   Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.

j.   Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity.

k.   Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.

12.    Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Clients statements concerning ownership of real property and any liens attached to Clients real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if Clients wishes to obtain one. **Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Clients real estate.**

13.    Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Clients case is selected for an audit, Client agrees to pay Attorney the customary hourly rate for representing Client in such audit.

14.    Client understands that Attorney may charge additional fees if Client waits longer than ninety (90) days from the first date Attorney is retained to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy.

15.    Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement. Client is in agreement with the terms of this agreement and has signed on the signature lines below.

Bankruptcy Retainer Agreement
Page 5 of 5

Client further acknowledges that Client has received a copy of this Bankruptcy Retainer
Agreement.

Dated: _____

_Lorena Flores_
Client Signature

_Lorena Flores_
Client Printed Name

_____
Client Spouse Signature

_____
Client Spouse Printed Name

_____
Attorney at Law

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| Date | | |
|------|---|---|
| | *Joseph C. Michelotti* | Bar No. 6185760 |
| | Michelotti & Associates | |
| | 2625 Butterfield Rd. | |
| | Suite 138S | |
| | Oak Brook, IL 60523 | |
| | Phone: (630) 928-0100 | |

---

*Lorena Flores*

**Lorena Flores**

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)

IN RE:   **Lorena Flores**                                    CASE NO

                                                             CHAPTER   **7**

## **VERIFICATION OF CREDITOR MATRIX**

    The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date _____        Signature _Lorena Flores_____
                                                      **Lorena Flores**

Date _____        Signature _____

Lakeview Loan Servicing, LLC
4425 Ponce de Leon Blvd
5th Floor
Coral Gables, FL 33146


M & T Bank
P.O. Box 30170
College Station, TX 77842-3170

akeview Loan Servicing, LLC
!25 Ponce de Leon Blvd
:h Floor
oral Gables, FL 33146

& T Bank
.O. Box 30170
ollege Station, TX 77842-3170

IN RE:  **Lorena Flores**

CASE NO

CHAPTER    **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

**Exemption Totals by Category:**
(Values and liens of surrendered property are NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|---|---|---|---|---|---|---|
| 1. | Real property | $70,000.00 | $230,000.00 | $0.00 | $0.00 | $0.00 |
| 3. | Motor vehicles (cars, etc.) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4. | Water/Aircraft, Motor Homes, Rec. veh. and access. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6. | Household goods and furnishings | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| 7. | Electronics | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8. | Collectibles of value | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9. | Equipment for sports and hobbies | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10. | Firearms | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11. | Clothes | $100.00 | $0.00 | $100.00 | $100.00 | $0.00 |
| 12. | Jewelry | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 13. | Non-farm animals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14. | Unlisted pers. and household items- incl. health aids | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16. | Cash | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17. | Deposits of money | $0.33 | $0.00 | $0.33 | $0.33 | $0.00 |
| 18. | Bonds, mutual funds or publicly traded stocks | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19. | Non-pub. traded stock and int. in businesses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20. | Govt. and corp. bonds and other instruments | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21. | Retirement or pension accounts | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 22. | Security deposits and prepayments | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23. | Annuities | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 24. | Interests in an education IRA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25. | Trusts, equit. or future int. (not in line 1) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 26. | Patents, copyrights, and other intellectual prop. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 27. | Licenses, franchises, other general intangibles | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28. | Tax refunds owed to you | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

IN RE:  **Lorena Flores**

CASE NO

CHAPTER    **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 1*

**Exemption Totals by Category:**

(Values and liens of surrendered property are NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|---|---|---|---|---|---|---|
| 29. | Family support | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30. | Other amounts someone owes you | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31. | Interests in insurance policies | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32. | Any int. in prop. due you from someone who has died | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33. | Claims vs. third parties, even if no demand | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 34. | Other contin. and unliq. claims of every nature | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 35. | Any financial assets you did not already list | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 38. | Accounts rec. or commissions you already earned | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 39. | Office equipment, furnishings, and supplies | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 40. | Mach., fixt., equip., bus. suppl., tools of trade | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 41. | Inventory | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 42. | Interests in partnerships or joint ventures | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 43. | Customer and mailing lists, or other compilations | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 44. | Any business-related property not already listed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 47. | Farm animals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 48. | Crops--either growing or harvested | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 49. | Farm/fishing equip., impl., mach., fixt., tools | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 50. | Farm and fishing supplies, chemicals, and feed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 51. | Farm/commercial fishing-related prop. not listed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 53. | Any other property of any kind not already listed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | **TOTALS:** | $70,600.33 | $230,000.00 | $600.33 | $600.33 | $0.00 |

**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE: **Lorena Flores**

CASE NO

CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 2*

**Surrendered Property:**

The following property is to be surrendered by the debtor.  Although this property is NOT exempt, it is NOT considered "non-exempt" for purposes of this analysis.  The below listed items are to be returned to the lienholder.

| Property Description | Market Value | Lien | Equity |
|---|---|---|---|
| **Real Property** | | | |
| (None) | | | |
| **Personal Property** | | | |
| (None) | | | |
| **TOTALS:** | $0.00 | $0.00 | $0.00 |

**Non-Exempt Property by Item:**

The following property, or a portion thereof, is non-exempt.

| Property Description | Market Value | Lien | Equity | Non-Exempt Amount |
|---|---|---|---|---|
| **Real Property** | | | | |
| (None) | | | | |
| **Personal Property** | | | | |
| (None) | | | | |
| **TOTALS:** | $0.00 | $0.00 | $0.00 | $0.00 |

| Summary | |
|---|---|
| A. Gross Property Value (not including surrendered property) | $70,600.33 |
| B. Gross Property Value of Surrendered Property | $0.00 |
| C. Total Gross Property Value (A+B) | $70,600.33 |
| D. Gross Amount of Encumbrances (not including surrendered property) | $230,000.00 |
| E. Gross Amount of Encumbrances on Surrendered Property | $0.00 |
| F. Total Gross Encumbrances (D+E) | $230,000.00 |
| G. Total Equity (not including surrendered property)  /  (A-D) | $600.33 |
| H. Total Equity in surrendered items  (B-E) | $0.00 |
| I.  Total Equity (C-F) | $600.33 |
| J. Total Exemptions Claimed | $600.33 |
| K. Total Non-Exempt Property Remaining  (G-J) | $0.00 |

akeview Loan Servicing, LLC
425 Ponce de Leon Blvd
th Floor
oral Gables, FL 33146


& T Bank
.O. Box 30170
ollege Station, TX 77842-3170

Joseph G. Michelotti & Associates
Michelotti & Associates
2625 Butterfield Rd.
Suite 138S
Oak Brook, IL 60523
(630) 928-0100
Attorney for the Petitioner

# UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)

In re:                                    Case No.:
Lorena Flores                               SSN:  xxx-xx-7987
                                            SSN:
Debtor(s)
                          ## Numbered Listing of Creditors
Address:
1802 S. Gunderson Ave               Chapter:   7
Berwyn, IL 60402

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 1. Lakeview Loan Servicing, LLC<br>4425 Ponce de Leon Blvd<br>5th Floor<br>Coral Gables, FL 33146 | Secured Claim | $230,000.00 |
| 2. M & T Bank<br>P.O. Box 30170<br>College Station, TX 77842-3170 | Secured Claim | $0.00 |

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. secs. 152 and 3571.)

### DECLARATION

I, Lorena Flores
named as debtor in this case, declare under penalty of perjury that I have read the foregoing  Numbered Listing of Creditors,
consisting of ___1___ sheets (including this declaration), and that it is true and correct to the best of my information and belief.

Debtor: Lorena Flores                              Date:
Lorena Flores